**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CRAIG LEEKS,

    **Plaintiff,**

v.                                                   **Case No. 8:19-cv-562-T-30AAS**

GEOPOINT SURVEYING, INC.,

    **Defendant.**
_____/

**ORDER**

Craig Leeks[1] moves under Federal Rule of Civil Procedure 60(b) for modification and vacatur of an April 30, 2020 discovery order. (Doc. 56). GeoPoint Surveying, Inc. (GeoPoint) opposes this motion. (Doc. 70).

**I. BACKGROUND**

Mr. Leeks sued GeoPoint for retaliation and hostile work environment based on race under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. (Doc. 1).

GeoPoint moved to compel Mr. Leeks's responses to GeoPoint's discovery requests. (Doc. 14). After consultation with the parties, the court set a hearing for January 9, 2020 and gave Mr. Leeks until January 6, 2020 to respond to the motion to compel. (Doc. 15). Despite the extension, Mr. Leeks did not respond, and the court again ordered Mr. Leeks's to respond by January 8, 2020. (Doc. 20).

On January 8, 2020, GeoPoint and Mr. Leeks jointly moved for entry of a

---

[1] According to his deposition testimony, "Leeks" is the correct spelling of Mr. Craig Leeks's name. (Doc. 24, Ex. B, 6:3).

1

stipulated order that granted in part GeoPoint's motion to compel. (Doc. 21). Within the stipulated order, by January 10, 2020, Mr. Leeks agreed to (1) waive all his objections from the requests for admissions, requests for production, and interrogatories; (2) serve complete answers to all discovery requests addressed in the motion to compel; (3) produce documents in response to GeoPoint's requests for production; and (4) re-produce all documents previously produce in a legible and complete format. (Doc. 21-1). Because the parties agreed to the stipulated order, the court granted in part GeoPoint's motion to compel and entered the stipulated order. (Doc. 22).

Despite agreeing to the stipulated order and the date for production, Mr. Leeks did not comply with the stipulated order other than providing some tax information. (Doc. 24, p. 3). Because Mr. Leeks failed to address the insufficiencies in the discovery, GeoPoint moved for sanctions and, alternatively, to compel Mr. Leeks to supplement his document production. (*Id.* at p. 1). Specifically, GeoPoint sought to dismiss Mr. Leeks's complaint or, in the alternative, these sanctions: (1) deem requests for admissions admitted and preclude Mr. Leeks from moving to withdraw those admissions; (2) strike all Mr. Leeks's interrogatory answers and preclude Mr. Leeks from using as summary judgment or trial stage; (3) preclude Mr. Leeks from providing any evidence to support damages not identified at his deposition; (4) permit an adverse inference jury instruction related to Mr. Leeks's deleted social media posts; (5) grant GeoPoint leave to re-depose Mr. Leeks; (6) award reasonable attorney's fees; and (7) order Mr. Leeks to comply plus further sanctions

if Mr. Leeks does not comply. (*Id.* at pp. 12–13).

Mr. Leeks did not respond by the fourteen-day deadline. Because of the global coronavirus pandemic, the court sua sponte gave Mr. Leeks additional time to respond. (Doc. 27). Mr. Leeks timely responded (Doc. 30), and the court set a telephonic hearing for April 29, 2020 (Docs. 36, 37, 38).

At the April 29, 2020 hearing, the court granted in part and denied in part GeoPoint's motion for sanctions and to compel discovery. (Docs. 42, 44). The court granted two of GeoPoint's requests for documents responsive to its requests for production. (Doc. 44, ¶ 1(b)–(c)). The court denied the remaining requests for amended responses and other documents responsive to GeoPoint's requests for production. (*Id.* at ¶ 1(d)). As permitted by Rule 37, the court also partially granted GeoPoint's request for attorney's fees as a sanction by requiring Mr. Leeks to pay a small portion (ten percent) of GeoPoint's attorney's fees narrowly related to GeoPoint seeking the awarded discovery. (*Id.* at ¶ 4).

Mr. Leeks now seeks relief from the April 30, 2020 discovery order granting in part and denying in part GeoPoint's motion to compel and granting GeoPoint's motion for sanctions to the limited extent of shifting the small portion of fees. (Doc. 56). GeoPoint opposes this motion. (Doc. 70).

II.   ANALYSIS

Mr. Leeks seeks relief under Rule 60(b), which permits the court to "relieve a party or its legal representative from a *final* judgment, order, or proceeding" on several stated grounds. Fed. R. Civ. P. 60(b)(1)–(6) (emphasis added). An order

granting in part and denying in part a motion to compel is not a final order. Because such an order is not a final order, Rule 60 is not the proper vehicle for Mr. Leeks to seek relief. *Debose v. Uni. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919876, at *2 (M.D. Fla. Mar. 23, 2018); *see also Steel Works Rebar Fabricators, LLC v. Alterra America Ins. Co.*, No. 11-24032-CIV, 2012 WL 1414142, at *1 (S.D. Fla. Apr. 20, 2012) ("Relief pursuant to Rule 60(b), however, is only available in regard to final judgments or orders."). Because the April 30, 2020 discovery order was not a final order, the court construes Mr. Leeks's motion for relief as a motion for reconsideration of the April 30, 2020 discovery order under Federal Rule of Civil Procedure 54(b). *Debose*, 2018 WL 8919876, at *3; *see also Delta Health Group, Inc. v. U.S. Dep't of Health and Human Servs.*, 459 F. Supp. 2d 1207, 1227 (N.D. Fla. 2006).

District courts have "inherent authority to revise interlocutory orders before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case."[2] *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009). Only limited circumstances prompt reconsideration of a court order. These include (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *Branch Banking & Trust Co. v. Shirley Inv. Properties*, LLC, No.

---

[2] Judge Moody granted GeoPoint's motion for summary judgment and directed the Clerk enter final judgment in GeoPoint's favor. (Doc. 68). However. Judge Moody's order reserved jurisdiction to allow for resolution of Mr. Leeks's two pending discovery-related motions. (*Id.*).


8:13-CV-528-T-23MAP, 2014 WL 12623802, at *1 (M.D. Fla. Jan. 16, 2014) (citation omitted). Reconsideration is not appropriate when the proponent merely reargues matters already addressed. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Here, Mr. Leeks reargues the same arguments he did in his written response to GeoPoint's motion for sanctions and to compel and his oral argument at the April 29, 2020 hearing. Mr. Leeks does not argue an intervening change of controlling law or new evidence warrant reconsideration of the April 30 discovery order. Thus, the court must consider whether it must correct clear error or manifest injustice.

On whether the court must correct a clear error, Mr. Leeks does not explain how the court's order "patently misunderstood" his position, but Mr. Leeks argues there is no factual foundation for the April 30 discovery order. (Doc. 56, pp. 11–19); *see also Mierzwicki v. Citigroup, Inc.*, No. 14-cv-61753-Bloome/Valle, 2015 WL 13388667, at *2 (S.D. Fla. Oct. 13, 2015). Mr. Leeks argues the flash drive was not part of the original discovery order to which Mr. Leeks stipulated in January 2020. (Doc. 56, pp. 11–19). In its early discovery requests, however, GeoPoint not surprisingly requested documents from Mr. Leeks "that constitute, reflect, discuss, refer, or relate to notes, memoranda, diaries, calendars, journals, schedules, agendas, chronologies, or other documents that you created or maintained at any time concerning your employment with GeoPoint or that tend to support or refute any of the facts or allegations in your Complaint or GeoPoint's Answer." (Doc. 24, Composite Ex. A, p. 7 (Request for Production No. 27)). Even though that request does not specifically ask for a flash drive, the documents on the flash drive without question

are what GeoPoint requested. As for the request for social media review, GeoPoint accepted Mr. Leeks's counsel's representation that Mr. Leeks had reviewed his social media for terms of racial slang or terminology. But GeoPoint sought the same representation whether Mr. Leeks reviewed his social media for posts in which he discussed GeoPoint. Based on Mr. Leeks's deposition testimony that he routinely deletes social media posts and the piecemeal discovery given to GeoPoint, GeoPoint validly sought to determine whether there was any outstanding discovery available in Mr. Leeks's social media accounts. Thus, there is a factual foundation for the April 30, 2020 order.

On whether the court must correct manifest injustice, Mr. Leeks argues racial bias motivated GeoPoint's counsel to move for sanctions and to compel. (Doc. 56, p. 10). Mr. Leeks argues assessing ten percent of GeoPoint's fees and costs violated Mr. Leeks's right of access to the court and shows racial bias and discrimination against Mr. Leeks and his counsel. (*Id.* at p. 11). There is no evidence of bias other than Mr. Leeks's counsel's speculation. Rather, GeoPoint's counsel extensively documented their efforts to obtain discovery and their willingness to work with Mr. Leeks and his counsel as evidenced by agreeing to multiple extensions and drafting and agreeing to a stipulated order on disputed discovery on the eve of a court hearing. The court also awarded GeoPoint's attorney's fees consistent with Rule 37. (Doc. 44, ¶ 4(a)); *see* Fed. R. Civ. P. 37 (allowing the court to grant fees after letting the parties be heard). The court heard argument from Mr. Leeks's counsel at the April 29, 2020 hearing on potential sanctions and more specifically the shifting of fees, and rather than award

GeoPoint all its attorney's fees related to this discovery, the court determined shifting only ten percent of GeoPoint's reasonable fees was appropriate. (Doc. 44, ¶ 4(a)–(b)). The court's April 30, 2020 discovery order does not require the court to correct its order to prevent manifest injustice.

### III.  CONCLUSION

Because no circumstances exist for the court to reconsider its order, Mr. Leeks's motion to open, modify, and vacate the April 30, 2020 discovery order (Doc. 56) is **DENIED**.

**ORDERED** in Tampa, Florida on June 18, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge