UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG LEEKS,

    Plaintiff,

v.                                                     Case No. 8:19-cv-562-T-30AAS

GEOPOINT SURVEYING, INC.,

    Defendant.
_____/

## ORDER

Craig Leeks[1] seeks Rule 11 sanctions under the Federal Rules of Civil Procedure. Specifically, Mr. Leeks argues GeoPoint Surveying, Inc.'s (GeoPoint) prior motion for sanctions and to compel discovery lacked factual or legal foundation. (Doc. 53). Geopoint opposes this motion. (Doc. 61).

**I.  BACKGROUND[2]**

Mr. Leeks sued GeoPoint for retaliation and hostile work environment based on race under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. (Doc. 1).

GeoPoint moved to compel Mr. Leeks to provide complete and adequate answers to his interrogatories and to produce all documents requested in GeoPoint's requests for production. (Doc. 14, pp. 10–16). GeoPoint also sought to deem all Mr.

---

[1] According to his deposition testimony, "Leeks" is the correct spelling of Mr. Craig Leeks' name. (Doc. 24, Ex. B, 6:3).

[2] On April 13, 2020, GeoPoint moved for summary judgment. (Doc. 31). On May 26, 2020, the court granted GeoPoint's motion for summary judgment and entered judgment in favor of GeoPoint. (Docs. 67, 68).

Leeks's requests for admissions as admitted. (*Id.* at pp. 16–24). GeoPoint detailed the delays in receiving its discovery requests and the extensions GeoPoint gave to Mr. Leeks to provide initial discovery responses and then extensions to supplement the inadequate initial discovery responses. (*Id.* at pp. 2–7).

After consultation with the parties, the court set a hearing for January 9, 2020 and gave Mr. Leeks until January 6, 2020 to respond to the motion to compel. (Doc. 15). Despite the extension, Mr. Leeks did not respond, and the court again ordered Mr. Leeks's to respond by January 8, 2020 and if no response was filed, the court would cancel the January 9, 2020 hearing and treat GeoPoint's motion to compel as unopposed. (Doc. 20).

On January 8, 2020, GeoPoint and Mr. Leeks jointly moved for entry of a stipulated order that granted in part GeoPoint's motion to compel. (Doc. 21). Within the stipulated order, by January 10, 2020, Mr. Leeks agreed to (1) waive all his objections from the requests for admissions, requests for production, and interrogatories; (2) serve complete answers to all discovery requests addressed in the motion to compel; (3) produce documents in response to GeoPoint's requests for production; and (4) re-produce all documents previously produced in a legible and complete format. (Doc. 21-1). Because the parties agreed to the stipulated order, the court granted in part GeoPoint's motion to compel and entered the stipulated order. (Doc. 22).

Despite agreeing to the stipulated order and the date for production, Mr. Leeks did not comply with the stipulated order other than providing some tax

information. (Doc. 24, p. 3). Because Mr. Leeks failed to address the insufficiencies in the discovery, GeoPoint moved for sanctions and, alternatively, to compel Mr. Leeks to supplement his document production. (*Id.* at p. 1). Specifically, GeoPoint sought to dismiss Mr. Leeks's complaint or, in the alternative, these sanctions: (1) deem requests for admissions admitted and preclude Mr. Leeks from moving to withdraw those admissions; (2) strike all Mr. Leeks's interrogatory answers and preclude Mr. Leeks from using as summary judgment or trial stage; (3) preclude Mr. Leeks from providing any evidence to support damages not identified at his deposition; (4) permit an adverse inference jury instruction related to Mr. Leeks's deleted social media posts; (5) grant GeoPoint leave to re-depose Mr. Leeks; (6) award reasonable attorney's fees; and (7) order Mr. Leeks to comply plus further sanctions if Mr. Leeks does not comply. (*Id.* at pp. 12–13).

In response to GeoPoint's motion, Mr. Leeks filed a notice saying he would be moving for sanctions under Rule 11. (Doc. 25, ¶ 3). Despite saying a response was forthcoming to GeoPoint's motion for sanctions, Mr. Leeks did not respond by the fourteen-day deadline. (*Id.* at ¶ 4). Because of the global coronavirus pandemic, the court sua sponte gave Mr. Leeks additional time to respond. (Doc. 27). Mr. Leeks timely responded (Doc. 30), and the court set a telephonic hearing for April 29, 2020 (Docs. 36, 37, 38).

At the April 29, 2020 hearing, the court granted in part and denied in part GeoPoint's motion for sanctions and to compel discovery. (Docs. 42, 44). The court granted two of GeoPoint's requests for documents responsive to its requests for

production. (Doc. 44, ¶ 1(b)–(c)). The court denied the remaining requests for amended responses and documents responsive to GeoPoint's requests for production. (*Id.* at ¶ 1(d)). The court granted GeoPoint's motion for sanctions to the extent that Mr. Leeks must pay a portion (ten percent) of GeoPoint's attorney's fees related to GeoPoint seeking discovery but denied all other categories of sanctions GeoPoint requested. (*Id.* at ¶ 4).

As part of the court's order, the court gave Mr. Leeks until May 6, 2020 to provide documents responsive to GeoPoint's requests, specifically Mr. Leeks's flash drive containing his notes about his GeoPoint complaint and his social media posts about GeoPoint. (*Id.* at ¶ 2). Also by May 6, 2020, Mr. Leeks's counsel had to file a notice of compliance. (*Id.*). Mr. Leeks's counsel did not meet the May 6, 2020 deadline for filing the notice of compliance. The court directed both parties to provide separate notices addressing whether Mr. Leeks complied with the court's discovery order. (Doc. 49). GeoPoint filed a notice stating Mr. Leeks had not produced anything. (Doc. 50). Again, Mr. Leeks's counsel failed to provide a notice as ordered by the court.

The court scheduled a telephonic show cause hearing for May 21, 2020. (Doc. 51). Only after setting the show cause hearing did Mr. Leeks's counsel provide the court with a notice of compliance, which stated Mr. Leeks searched his social media and would turn over the flash drive to GeoPoint by May 18, 2020 (twelve days after the court's deadline and three days before the scheduled show cause hearing). (Doc. 52). Mr. Leeks turned over the flash drive to GeoPoint. (Doc. 58). The court held the show cause hearing and discharged the order to show cause because no outstanding

discovery remained. (Doc. 66).

Mr. Leeks now moves for Rule 11 sanctions against GeoPoint for its motion for sanctions and to compel discovery. (Doc. 53). GeoPoint opposes the motion and seeks attorney's fees incurred for defending against the motion. (Doc. 61).

## II.   LEGAL STANDARD

Under Rule 11, an attorney or unrepresented party who submits a pleading, motion, or other paper certifies "to the best of the person's knowledge, information, and belief, formed after an inquire reasonable under the circumstances":

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). However, Rule 11 does not apply to discovery-related motions or filings. Fed. R. Civ. P. 11(d); *see also Weaver v. Matter and Harbert, P.A.*, 523 F. App'x 565, 568 (11th Cir. 2013).

Twenty-one days before filing a Rule 11 sanctions motion with the court, the

movant must serve a copy of the motion to the opposing party to allow the party to withdraw or correct "the challenged paper, claim, defense, contention, or denial." Fed. R. Civ. P. 11(c)(2). "This 'safe harbor' provision is intended to emphasize the seriousness of the motion for sanctions and define precisely the conduct allegedly in violation of the Rule." *Hooker v. Wilkie*, No. 8:18-cv-2000-T-36JSS, 2019 WL 6842083, at *1 (M.D. Fla. Dec. 16, 2019) (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment)). A movant's failure to satisfy this twenty-one-day safe harbor provision "forecloses Rule 11 sanctions." *Marcort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006); *see also Espanol v. Avis Budget Car Rental, LLC*, No. 8:10-cv-944-T-35AEP, 2012 WL 12904800, at *1 (M.D. Fla. Nov. 9, 2012) (collecting cases in which the court often denies motions for sanctions for failure to comply with the safe harbor provision).

"The standard for testing conduct under . . . Rule 11 is 'reasonableness under the circumstances.'" *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citations omitted). Courts apply a "two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleading should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted). Rule 11 sanctions should be imposed "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change exiting law; and (3) is filed in bad faith for improper purpose." *Id.*

### III. ANALYSIS

Two deficiencies exist in Mr. Leeks's motion for sanctions that would allow the court to deny Mr. Leeks's motion for sanctions without addressing the merits of whether GeoPoint's motion for sanctions and to compel meets the standard to justify sanctions under Rule 11. First, the motion at the center of this dispute is GeoPoint's motion for sanctions and to compel. GeoPoint moved for sanctions and discovery under Rule 37 and the court's inherent power to sanction for discovery abuses. (Doc. 24). Rule 11 sanctions are not appropriate against GeoPoint's motion for sanctions and to compel discovery because Rule 11 does not apply to "discovery . . . motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

Second, Mr. Leeks failed to comply with the safe harbor provisions of Rule 11. On March 3, 2020, Mr. Leeks filed a notice stating he was drafting a motion for sanctions under Rule 11, "which shall not be served until twenty-one days, unless the Defendant withdraws document #24 [GeoPoint's motion for sanctions and to compel]." (Doc. 25, ¶ 3). Additionally, Mr. Leeks emailed GeoPoint saying a motion explaining the grounds for seeking Rule 11 sanctions would be forthcoming. (Doc. 61, p. 6). On March 5, 2020, GeoPoint sent a letter to Mr. Leeks's counsel explaining his Rule 11 notice was deficient because Mr. Leeks did not provide the motion to GeoPoint among other reasons. (Doc. 61-1). GeoPoint did not receive the motion until it was filed on May 15, 2020. (Doc. 61, p. 6). Mr. Leeks informing GeoPoint of his intent to file a Rule 11 motion does not discharge the obligation under Rule 11 to serve the motion on the opposing party, rather Mr. Leeks needed to provide GeoPoint with a copy of

the motion twenty-one days before filing it with the court. *See Hooker*, 2019 WL 6842086, at *3. Thus, Mr. Leeks's service of the motion on GeoPoint as required by Rule 11(c)(2) is deficient.

Even if Mr. Leeks's motion for sanctions survived the above deficiencies, Rule 11 sanctions are not warranted.[3] Mr. Leeks's motion for sanctions cites no legal authority and advances no argument about why GeoPoint's motion was frivolous. GeoPoint's motion for sanctions and to compel discovery is not objectively frivolous. GeoPoint extensively detailed its communication with Mr. Leeks to address the discovery requests. (*See* Doc. 14, ¶¶ 1–20; Doc. 24, ¶¶ 1–12). After continually working with Mr. Leeks to obtain discovery, Mr. Leeks's deposition showed GeoPoint that numerous of the discovery requests were incomplete and contradicted Mr. Leeks's testimony. (Doc. 24, Ex. B). Based on the mounting and numerous discovery problems and delays, GeoPoint's counsel had a reasonable basis in fact and law to seek sanctions and pursue any remaining discovery. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) ("The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.") (citations and modifications omitted).

---

[3] Mr. Leeks argues GeoPoint moved for sanctions and to compel discovery to impugn and harass Mr. Leeks and his counsel because they are African American. (Doc. 53, pp. 5–6). As stated in the court's order on Mr. Leeks's motion to open, modify, and vacate the April 30, 2020 discovery order, there is no evidence of racial bias by GeoPoint's counsel against Mr. Leeks and his counsel. (Doc. 74, p. 6). Rather, GeoPoint's counsel extensively documented their efforts to obtain discovery and their willingness to work with Mr. Leeks and his counsel. (*Id.*).

## IV. ATTORNEY'S FEES

GeoPoint seeks attorney's fees incurred for defending against Mr. Leeks's motion for sanctions. Under Rule 11, "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Civ. P. 11(c)(2). "The Court does not take motions for sanctions lightly and deplores the waste of time and money spent on issues that should and could have been resolved in another manner." *McMahan Sec. Co. L.P. v. FB Foods, Inc.*, No. 9:04-cv-1791-T-24TGW, 2006 WL 2092643, at *3 (M.D. Fla. July 27, 2006). GeoPoint is the prevailing party here, but imposing Rule 11 sanctions by the court is discretionary. *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1569 (11th Cir. 1991). Thus, exercising the court's considerable discretion, GeoPoint's request for attorney's fees is denied.

## V. CONCLUSION

Because Rule 11 sanctions does not apply to discovery motions, Mr. Leeks's failed to properly serve GeoPoint with his motion for sanctions, and Rule 11 sanctions are not warranted, Mr. Leeks's motion for sanctions under Rule 11 (Doc. 53) is **DENIED.** GeoPoint's request for attorney's fees in defending against Mr. Leeks's motion for sanctions is **DENIED.**

**ORDERED** in Tampa, Florida, on June 18, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge