**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

No. 20-12321-CC

_____

CRAIG LEAKS,
a.k.a. Craig Leeks,

Plaintiff - Appellant,

versus

GEOPOINT SURVEYING, INC.,

Defendant - Appellee.

--------------------------
On Appeal from the United States District Court for the
Middle District of Florida
--------------------------

BEFORE:   WILLIAM PRYOR, Chief Judge, JILL PRYOR and LAGOA, Circuit Judges.

BY THE COURT:

Appellee's "Application for its Reasonable Attorneys' Fees and Costs" is
TRANSFERRED to the district court for its consideration of whether Appellee is entitled to
appellate attorney's fees and the amount of appellate attorney's fees, if any, to which it may be
entitled.   See 11th Cir. R. 39-2(d).

No. 20-12321

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

CRAIG LEEKS,

Appellant,

v.

GEOPOINT SURVEYING, INC.,

Appellee

On Appeal from the United States District Court for the
Middle District of Florida, Tampa Division

## APPELLEE'S APPLICATION FOR ITS REASONABLE ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

MARIE TOMASSI
Florida Bar No. 772062
mtomassi@trenam.com | slord@trenam.com
ALICIA H. KOEPKE, FBN 0026330
akoepke@trenam.com | ac@trenam.com
JACQUELINE M. PRATS, FBN 0118862
jprats@trenam.com | lvalente@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, Florida 33602
(813) 223-7474 / (813) 229-6553
*Counsel for Appellee, GeoPoint Surveying, Inc.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1.1-26.1.3, undersigned counsel of record for Appellee, GeoPoint Surveying, Inc., furnishes the following Certificate of Interested Persons and Corporate Disclosure Statement:

### Corporate Disclosure Statement

1.     GeoPoint Surveying, Inc. ("GeoPoint"), is a Florida Profit Corporation. There is no publicly held corporation that owns 10% or more of stock in any GeoPoint entity.

2.     No publicly traded corporation has an interest in the outcome of the case or appeal.

### Certificate of Interested Persons

The names of all trial judges, attorneys, persons, association of persons, firms, partnerships, and corporations that have or may have an interest in the outcome of this action, including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case are:

a.     Biggs, Jr., Frank L., Vice President and Director of Field Operations, GeoPoint Surveying, Inc.

2

b.      Brantley, Justin O., Vice President and Director of Field
Operations, GeoPoint Surveying, Inc.

c.      Ford, Roderick O., The Methodist Law Centre, c/o The PMJA
Legal Defense Fund, Inc., 400 N. Ashley Drive, #1900, Tampa,
FL 33602, counsel for appellant/plaintiff, Craig Leeks.

d.      GeoPoint Surveying, Inc., appellee/defendant.

e.      Horne, Vernon, Former President, GeoPoint Surveying, Inc.

f.      Koepke, Alicia H., Trenam, Kemker, Scharf, Barkin, Frye, O'Neill
and Mullis, P.A, trial/appellate counsel for appellee GeoPoint
Surveying, Inc.

g.      Leeks[1], Craig, appellant/plaintiff.

h.      The Methodist Law Centre, c/o The PMJA Legal Defense Fund,
Inc., 400 N. Ashley Drive, #1900, Tampa, FL 33602, counsel for
appellant, Craig Leeks.

i.      Moody, James S., United States District Judge, United States
District Court, Middle District of Florida.

j.      Prats, Jacqueline M., Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill and Mullis, P.A., trial/appellate counsel for appellee
GeoPoint Surveying, Inc.

---

[1] Leaks is incorrectly spelled in the case name and should be "Leeks."

k.      Sansone, Amanda A., United States Magistrate Judge, United

States District Court, Middle District of Florida, Tampa Division.

l.      Tomassi, Marie, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill

and Mullis, P.A, appellate counsel for appellee GeoPoint

Surveying, Inc.

m.      Trenam, Kemker, Scharf, Barkin, Frye, O'Neill and Mullis, P.A.,

counsel for appellee GeoPoint Surveying, Inc.

n.      Williams, Jr., David A., President and Director of Surveying &

Mapping, GeoPoint Surveying, Inc.

I hereby certify that no publicly traded corporation has an interest in

the outcome of the case or appeal.

s/ *Alicia H. Koepke*

## APPELLEE'S APPLICATION FOR ITS REASONABLE ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Defendant-Appellee, GeoPoint Surveying, Inc. ("GeoPoint"), pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k), Federal Rule of Appellate Procedure 39, Eleventh Circuit Rule 39-2, the District Court's Dkt. 68 Summary Judgment Order granting summary judgment in favor of GeoPoint (the "Summary Judgment Order"), and this Court's Opinion affirming the Summary Judgment Order (the "Opinion"), moves for entry of an Order awarding GeoPoint its reasonable attorneys' fees and costs incurred defending Plaintiff-Appellant Craig Leeks' ("Leeks") appeal. In support thereof, GeoPoint states:

## **BACKGROUND**

1.     On March 6, 2019, Leeks initiated the underlying action against GeoPoint for alleged race-related harassment and retaliation under Title VII (42 U.S.C. §§ 2000e, *et seq.*) and Section 1981 (42 U.S.C. § 1981). (Dkt. 1). His complaint consisted of one Title VII harassment claim (Count I), one Section 1981 harassment claim (Count II), and two identical Title VII retaliation claims (Counts III and IV) (one of these identical claims was likely meant to be a retaliation claim under Section 1981, but Leeks never corrected this error).

5

2.      After a lengthy history of discovery disputes (addressed briefly below and in great detail in GeoPoint's other filings, *see* Dkts. 14 and 24), GeoPoint filed its Dispositive Motion for Summary Judgment (Dkt. 31).

3.      Leeks did not file his own cross-motion for summary judgment.

4.      After the parties' deadlines to brief their summary judgment motions and responses had passed—and after the District Court's issuance of a show-cause order (Dkt. 39) directing Leeks to respond to GeoPoint's summary judgment motion—Leeks filed a flurry of papers. Among those were two Notices to the Court (Dkts. 40 and 41), in which Leeks announced his intent to "drop" his two harassment claims. Also included in this flurry of filings was Leeks' late response to GeoPoint's motion for summary judgment (Dkt. 47). In his response, Leeks attempted to combine his harassment and retaliation claims, arguing in a conclusory fashion that the factual predicate undergirding his harassment claims could support his retaliation claims, because his purported harassment "culminated" in a purported adverse employment action. (Dkt. 47 at 3). However, Leeks provided no further evidence or explanation regarding this argument, including exactly how the alleged harassment (which the District Court held amounted to non-actionable, "isolated" comments made by Leeks' coworkers, *see* Dkt. 68 at 11, of which Defendant was unaware) contributed to his retaliation claims,

which were already premised upon the same alleged adverse action in which the alleged harassment purportedly "culminated." In fact, Leeks' abandonment of his harassment claims reflected a weakness in his retaliation claim: if Leeks knew his harassment claims had no merit, then he had to know he would never be able to show he had an objectively reasonable belief that he had reported an employment practice made unlawful by Title VII. Without this objectively reasonable belief, Leeks could not show that he engaged in protected activity, the first prong of the retaliation *prima facie* case.

5.     Leeks' Dkt. 47 Response contained only minimal argument. The majority of his Response consisted of an adoption, almost entirely unopposed, of Defendant's recitation of the undisputed facts in this matter. Leeks presented no evidence of his own in opposition to Defendant's summary judgment motion.

6.     Less than six weeks after GeoPoint filed its summary judgment motion, the District Court issued its fourteen-page Summary Judgment Order in favor of GeoPoint. Specifically, as to Leeks' harassment claims, the District Court found:

> Leeks abandoned his [harassment/]discrimination claims. GeoPoint is still entitled to summary judgment on these claims on their merits because the record is undisputed that Leeks was

not subjected to a hostile work environment as a matter of law. This is because, assuming the racially offense comments were made exactly as Leeks presented them, they do not amount to severe or pervasive harassment. . . . Leeks describes a few isolated, negative, racial comments or epithets that were never directed at him and that he claims did not affect his performance at all.

***

For the reasons stated in GeoPoint's motion, Leeks' [harassment/]discrimination claims also fail as a matter of law because it is undisputed that Leeks cannot show a basis for holding GeoPoint liable for Evan's or Baumbach's conduct. In short, GeoPoint promptly investigated Leeks' complaint and disciplined Evan and Baumbach for their conduct. GeoPoint also conducted additional discrimination/harassment training.

7.    As to Leeks' retaliation claims, the District Court found:

Leeks' retaliation claims fail as a matter of law for two main reasons. First, the record is undisputed that Leeks voluntarily quit his employment at GeoPoint. So, Leeks did not experience an adverse employment action. But, even assuming Leeks had been terminated, the record is undisputed that GeoPoint had legitimate, non-discriminatory reasons for its actions.

8.    Less than one week after the District Court's entry of final judgment, Leeks noticed this appeal (Dkt. 71) without seeking post-judgment relief from the District Court.

9.    On June 18, 2020, the Magistrate Judge entered orders (Dkts. 74 and 75, respectively) denying Leeks' motions for reconsideration (Dkt. 56) and for sanctions (Dkt. 53). Just over one hour of the entry of the Magistrate Judge's Dkt. 74 and 75 orders, Leeks noticed an appeal of the Magistrate

Judge's ruling on his motion for sanctions (Dkt. 77). He did not file objections to the Magistrate Judge's orders or otherwise seek relief from the District Court. The following day, June 19, 2020, the District Court ordered the clerk to close the case.

10.    Leeks submitted his Initial Brief on September 21, 2020, having waited until the original August 24, 2020 deadline to seek an extension by telephone. (11th Cir. Notice of Extension by Telephone, Aug. 24, 2020). Leeks also requested an extension to submit his Appendix. (11th Cir. Notice of Extension by Telephone, Sept. 24, 2020).

11.    After GeoPoint (timely) submitted its Answer Brief, Leeks requested an extension of time until Dec. 1, 2020, to file a Reply Brief. (Motion for Extension of Time, Nov. 17, 2020, Dkt. No. 9238792-1). However, a Reply Brief has never materialized.

12.    This Court rendered its Opinion on March 2, 2021, affirming the Summary Judgment Order. With regard to Leeks' primary argument on appeal, this Court stated:

> Leeks argues that the district court should have used the definition of "reprisal" in Section 8(a) of the National Labor Relation Act of 1935 [the "NLRA"] to interpret the meaning of "retaliation" in Title VII. But he does not contest the ruling that his complaint of retaliation failed because he "did not experience an adverse employment action" when he quit by walking out of an

9

employment meeting and because "the record [was] undisputed
that GeoPoint had legitimate, non-discriminatory reasons" for
firing him for his "consistently poor" work, negative attitude, and
frequent insubordination.

(Op. at 4).

13.    Leeks also argued that he should have been permitted to amend

his complaint to "interpose" the above legal theory relating to the NLRA

definition of "reprisal" and the Title VII definition of "retaliation," stating:

> not only should Appellant Leeks have been allowed to amend his
> complaint by clarifying that his Title VII claim would merge his
> "hostile working environment" claim into his "retaliation" claim—
> essentially dropping the hostile working environment claim, in
> order to simpl[ify] the issues—but that his definition of
> "retaliation" under Title VII was patterned after the definition of
> "reprisal" under Section 7 of the National Labor Relations Act of
> 1935.

(Initial Brief at 24).

14.    In response, this Court noted that Leeks had never filed a motion

or otherwise requested leave from the District Court to amend his complaint,

and held: "We cannot fault the district court for failing to allow Leeks to

amend his complaint when he never requested to do so." (Op. at 3).

15.    Finally, Leeks challenged the Magistrate Judge's order denying

him sanctions (and, although he never formally noticed it for appeal, also

took issue with the Magistrate Judge's order granting Rule 37 sanctions to

GeoPoint in an earlier order (Dkt. 44)). However, as this Court pointed out,

Leeks never objected to the Magistrate Judge's orders or sought to appeal
them to the District Court, and "[t]he law is settled that appellate courts are
without jurisdiction to hear appeals directly from federal magistrates." (Op. at
2).

16.    On March 2, 2021—the same day this Court entered its Opinion
and three months after Leeks' extended deadline to file a Reply Brief—Leeks
filed a "Motion for Reconsideration" (that, like his Initial Brief, was riddled with
deficiencies). Not only did Leeks proceed under the wrong Federal Rule of
Appellate   Procedure,   but   his   Motion   contained   misstatements   or
misrepresentations  of  this  Court's  Opinion  or  portions  of  the  record.
Examples include, but are not limited to:

a.    Leeks' Motion for Reconsideration claimed that the Opinion
was unjust because, among other reasons, "the Appellant's argument on
appeal does not ask either the U.S. District Court or this court to grant him
leave to amend his complaint pursuant to Rule 15. Nowhere in the
Appellant's brief does he make such a demand." (Motion for Reconsideration
at 1 (Mar. 2, 2021), Dkt. No. 9322629-1). Of course, the Opinion did not say
that Leeks made this demand; rather, the Opinion said that Leeks argued
"the district court should have allowed him to amend his complaint." As is

evident from the language from the Initial Brief quoted above (*see* paragraph 13, *supra*) Leeks made this very argument.

      b.   In diametric opposition to the District Court's actual holding, the Motion for Reconsideration also claimed that "Appellant's Title VII [retaliation] claim has not been 'abandoned,' but instead it has been firmly established as a prima facie case," (Motion for Reconsideration at 4).

      c.   Leeks claimed that the District Court "significantly impaired" his ability to file objections to the Magistrate Judge's June 18, 2020 order dismissing his motion for sanctions by closing the case on the following day. However, Leeks' Motion for Reconsideration omits the fact that he noticed the Magistrate Judge's order for appeal *one hour* after its entry and before the district court closed its case, and that he never attempted to file objections or a motion to reopen the case before the District Court to file any objections.

17.   On March 4, 2021, this Court notified Leeks that his Motion for Reconsideration was deficient and should be resubmitted as a petition for rehearing, and gave him until March 8, 2021, to cure. When Leeks missed that deadline, this Court provided him a Second Notice on March 18, 2021, giving him until March 22, 2021, to cure. That deadline was yesterday, and

Leeks did not submit a proper Petition for Rehearing pursuant to this Court's two Notices.

18.    In light of the District Court's Summary Judgment Order, this Court's Opinion affirming that order, and the reasons set out more specifically below, Leeks' claims were frivolous, groundless, and unreasonable at both the trial and appellate levels. Accordingly, GeoPoint is entitled to an award of its reasonable attorneys' fees and costs incurred in defending against Leeks' appeal.

## **MEMORANDUM OF LAW**

### **A. GeoPoint is Entitled to its Reasonable Attorneys' Fees Incurred in Defending this Appeal.**

Under Title VII, GeoPoint is entitled to an award of all reasonable attorneys' fees incurred in defending this appeal. Fee awards to prevailing employers in Title VII cases are subject to the standard set forth in *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978): a court may, in its discretion, award a prevailing Title VII defendant-employer its reasonable attorneys' fees if the plaintiff-employee's claim was "frivolous, unreasonable, *or* groundless, or that the plaintiff continued to litigate after it clearly became so," even if the claims were not brought in subjective bad faith.  *Hamilton v. Sheridan Healthcorp, Inc.*, 700 Fed. Appx. 883, 885 (11th Cir. 2017) (emphasis added); *see also*

13

*Rivera v. City of Orlando*, 605CV1906ORL22DAB, 2008 WL 11434507, at *2
(M.D. Fla. Jan. 11, 2008) (clarifying that standard is frivolous, unreasonable,
*or* groundless by requiring plaintiff to post bond including defendant's
estimated appellate fees where "Plaintiff's appeal, while probably not entirely
frivolous, [was] likely to be deemed at least unreasonable and without
foundation"). The same standard applies to Title VII appellee-employers who
successfully defend an appeal. *Young v. New Process Steel, LP*, 419 F.3d
1201, 1208 (11th Cir. 2005). Subjective bad faith on the part of the employee
is not required for a prevailing employer to be awarded its fees; in fact, "[a]
finding of actual bad faith constitutes a basis for an attorney's fees award
regardless of the *Sullivan* factors." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d
1418, 1422 (11th Cir. 1996); *see also Jackson v. Bank of Am., N.A.*, 898
F.3d 1348, 1360 (11th Cir. 2018) (combination of clearly frivolous arguments
on appeal and series of missed deadlines and multiple extensions
demonstrated that plaintiff-appellant acted with the motive of deliberately
delaying litigation).

To determine whether a Title VII action is frivolous, unreasonable, or
groundless within the meaning of *Christiansburg*, a court generally considers
three factors: "(1) whether the plaintiff established a *prima facie* case; (2)
whether the defendant offered to settle; and (3) whether the trial court

14

dismissed the case prior to trial or held a full-blown trial on the merits."
*Hamilton*, 700 Fed. Appx. at 885 (quoting *Sullivan v. Sch. Bd. of Pinellas
Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). A court also "consider[s] the
case as a whole and determine[s] whether the claim was entirely without
foundation" or whether it was "meritorious enough to receive careful attention
and review." *Id.* (quotations omitted); *see also QUALITY OF LIFE, CORP.,
f/k/a Margate Rehab. Ctr. v. CITY OF MARGATE*, 2020 WL 8812832, at **4-
5 (S.D. Fla. Dec. 9, 2020) (incorporating *Sullivan* factor analysis into analysis
of prevailing civil rights defendant-appellee's request for appellate fees;
denying defendant-appellee's request in part because plaintiff-appellant's
claims required detailed 55-page summary judgment order and "lengthy and
comprehensive [appellate opinion] that substantively addressed all of
Plaintiff's claims and arguments").

    An appellant's failure to alert the district court to its alleged errors by
moving for post-judgment relief, particularly after suffering a resounding loss,
can be an indication that an appeal is "more a knee-jerk reaction to a stinging
defeat than a deliberate decision," which in turn can be an indication that
an appeal is unreasonable or groundless. *See Young v. New Process Steel,
L.P.*, 427 F. Supp. 2d 1126, 1128 (N.D. Ala. 2006). This Court's decisions
granting sanctions under Rule 38, Federal Rules of Appellate Procedure, for

frivolous appeals are also illustrative. For example, this Court has found an appeal frivolous where the appellant's filings were incoherent or where an appellant did not address the district court's primary reasons for entering the appealed order. *See, e.g.*, *Jones v. Clayton County*, 184 Fed. Appx. 840, 842 (11th Cir. 2006) (civil rights plaintiff-appellant's appeal was frivolous in where brief did "not so much as mention" the District Court's "primary reasoning for entering summary judgment"); *In re Wizenberg*, 20-10641, 2020 WL 7352578, at *7 (11th Cir. Dec. 15, 2020) (granting sanctions where appellant's brief was "littered with exclamation points and rants about what he view[ed] as a grave miscarriage of justice" and "fail[ed] to coherently cite to case law"); *see also  H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 636 (7th Cir. 2020) ("Failing to engage with a District Court's central reasons and authority is usually a reliable sign of a doomed appeal.")

In this case, as to the proceedings in the District Court, all three *Sullivan* factors point towards the conclusion that Leeks' claims were frivolous, unreasonable, or groundless.

First, Leeks did not establish a *prima facie* case on any of his claims. Initially, Leeks asserted harassment claims under Title VII and Section 1981 and a retaliation claim under Title VII. Before the District Court had an opportunity to evaluate the merits of his case, Leeks abandoned his

harassment claims, claiming that he had asserted these two counts with the expectation that evidence would be developed during discovery (thereby essentially admitting that he knew his harassment claims were groundless from the beginning). Leeks' Dkt. 40 and 41 Notices to the Court. It is well-settled that one of the prongs of a *prima facie* harassment case is a basis for holding the employer liable. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc). The employer cannot be held liable if it did not know of the harassment. *Carter v. Am. Online, Inc.*, 208 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). Leeks admitted multiple times, both in writing directly to GeoPoint employees and during his deposition, that he never reported the alleged harassment to GeoPoint management until right before walking out. Leeks Depo. 140:20-141:4; 281:15-282:15; 321:8-23). In fact, Leeks admitted that he deliberately delayed reporting his alleged harassment *so that he could "get compensated." Id.* Leeks did not need discovery from Defendant, or anyone else, to determine that critical element of his *prima facie* case was missing.

As soon as the District Court was given the opportunity to consider the merits of Leeks' claims, it disposed of all three claims. In its Order Granting Summary Judgment (Dkt. 68), the District Court made it clear that Leeks would not have been able to establish *prima facie* harassment claims even

if he had not abandoned them. The District Court found that "the record is undisputed that Leeks was not subjected to a hostile work environment as a matter of law" because he was only subjected to "a few isolated" negative comments "that were never directed at him and that he claims did not affect his performance at all." Dkt. 68 Order at 11. The District Court additionally found that it was "undisputed that Leeks [could] not show a basis for holding GeoPoint liable" because GeoPoint promptly investigated Leeks' complaint, disciplined the alleged harassers for their conduct, and conducted additional discrimination and harassment training. Dkt. 68 Order at 11.

As to the retaliation claim, Leeks similarly failed to establish a *prima facie* case. The District Court found that Leeks' retaliation claim failed as a matter of law because "the record is undisputed that Leeks voluntarily quit his employment at GeoPoint [so] Leeks did not experience an adverse employment action." (Dkt. 68 Order at 13). Like with his harassment claims, Leeks knew this critical and disqualifying information from before the commencement of this litigation and continued pressing his claims even though he knew they were meritless. Leeks' knowledge that his claims were groundless is reflected his anemic defense against GeoPoint's summary judgment motion; although he did not make a formal attempt to abandon his retaliation claims, like he did with his harassment claims, his failure to

present any evidence at the summary judgment stage and his nearly complete adoption of GeoPoint's recitation of the facts shows that he knew he could not support his claims.

Second, although GeoPoint has attended mediation ordered by this Court, it has never made a settlement *offer* to Leeks. Rather, GeoPoint issued a settlement *demand* on Leeks, seeking the amount of fees it expended on dealing with Leeks' numerous discovery abuses (fees to which the Magistrate Judge had already ruled GeoPoint was entitled).

Third, the District Court disposed of Leeks' case at the first opportunity it had to consider the merits, and without the need for in-depth attention or review. Although there was some motion practice at the trial level in this matter, nearly all of it has been devoted to "discovery skirmishes" and Leeks' attempts to escape the District Court's ruling on one of GeoPoint's motions for discovery sanctions, which included Leeks' doomed attempt to seek Rule 11 sanctions against GeoPoint for its *successful* motion for Rule 37 discovery sanctions against Leeks. This is not the type of attention and review that would weigh against a finding of frivolousness, unreasonableness, or groundlessness. *See Hamilton*, 700 Fed. Appx. at 886 ("The fact that the District Court had to adjudicate a few discovery skirmishes along the way does not suggest that the case was meritorious. This was not a case that

19

merited 'careful attention and review.'"); *see QUALITY OF LIFE, CORP., f/k/a Margate Rehab. Ctr. v. THE CITY OF MARGATE*, 2020 WL 8812832, at **4-5 (S.D. Fla. Dec. 9, 2020) (describing the kind of detailed review that *does* weigh against a finding of frivolousness, noting that the district court's in-depth summary judgment order was 55 pages (compared to 14 pages in the instant case) and this Court's opinion was 22 pages (compared to 4 pages in the instant case)).

A week following the District Court's order disposing of all Leeks' claims at summary judgment and its subsequent entry of final judgment in favor of GeoPoint, Leeks filed his first notice of appeal (Dkt. 71). He made no attempt to move the District Court for post-judgment relief on its summary judgment order.

It is against this backdrop that Leeks appealed the District Court's summary judgment order (and the Magistrate Judge's order denying his Rule 11 sanctions).  As an initial matter, even without its numerous deficiencies, Leeks' appeal represents his continued pursuit of claims that he knew or should have known were frivolous, groundless, or unreasonable. Moreover, Leeks' Initial Brief is riddled with deficiencies.

As this Court pointed out in its March 2, 2021 Opinion affirming the District Court's summary judgment order, Leeks' Initial Brief failed to address

the primary reasoning of the District Court's decision to grant summary judgment to GeoPoint. (Op. at 4.) Instead of engaging with the District Court's reasoning, Leeks devoted most of his Initial Brief to either (a) arguing for the first time that the District Court should have allowed Leeks to amend his complaint, and by disallowing this amendment the District Court "unnecessarily blocked" (Initial Brief at 29) Leeks from asserting his theory that his Title VII retaliation claim should have been analyzed using the NLRA's definition of "reprisal"; or (b) that the District Court erred by ignoring the argument contained in his response to GeoPoint's summary judgment motion (Initial Brief at 23, 34) that the NLRA's definition of "reprisal" should apply to his Title VII retaliation claim (that is, the very argument Leeks also claimed he was prevented from making). Even if these arguments had any merit (which they do not), they would not have changed the parties' outcome, because they do not address the District Court's holdings that (a) Leeks experienced no adverse action; and (b) GeoPoint would have had legitimate, non-discriminatory reasons for terminating Leeks if he *had* been terminated, either of which were independently fatal to Leeks' claims. (If, under Leeks' proposed melding of Title VII and the NLRA, neither of these holdings were fatal to Leeks' retaliation claims, Leeks certainly made no effort whatsoever to explain why or how).

Most of the remainder of Leeks' Initial Brief was devoted to a regurgitation of unsuccessful arguments he made in multiple contexts at the trial-court level regarding the Magistrate Judge's rulings granting Rule 37 discovery sanctions against Leeks and denying Leeks' motion for Rule 11 sanctions. However, as this Court's opinion pointed out, Leeks failed to appeal the Magistrate Judge's orders to the District Court, and "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." (Op. at 2).

Additionally, Leeks' Initial Brief contains minimal citation to relevant authority; in fact, his Initial Brief did not actually present Title VII's definition of "retaliation" or the NLRA's definition of "reprisal," notwithstanding that Leeks' primary argument on appeal was dependent on the interpretation of these two statutory definitions.  Leeks' Initial Brief also takes several detours into the historical treatment of African-Americans in civil rights litigation, which is important to the bar and bench as a general proposition, but is completely irrelevant to this case. Finally, Leeks' deficient Motion for Reconsideration, which he failed to cure despite having been given two opportunities to do so by this Court, was brought under the wrong procedural rule and was replete with misstatements and misrepresentations of the record in this case, as well as this Court's Opinion.

In short, having sought no post-judgment relief from the District Court and having filed his notice of appeal a week after his defeat at summary judgment, Leeks filed an Initial Brief that (a) failed to address the District Court's primary reasoning for granting summary judgment to GeoPoint (b) presented incoherent arguments; (c) included minimal citation to authority; and (d) included more than one screed about what Leeks and/or his counsel viewed as a grave injustice stemming from the historical treatment of African-American civil rights litigation (which—again—is of great importance from a social perspective, but has nothing to do with the case at bar). *See Young v. New Process Steel, L.P.*, 427 F. Supp. 2d 1126, 1128 (N.D. Ala. 2006) (failure to move for post-judgment relief after "stinging defeat" suggested appeal was likely "unreasonable"); *Jones v. Clayton County*, 184 Fed. Appx. 840, 842 (11th Cir. 2006) (appeal was frivolous where brief failed to address district court's primary reasoning); *In re Wizenberg*, 20-10641, 2020 WL 7352578, at *7 (11th Cir. Dec. 15, 2020) (appeal was frivolous where brief was incoherent and littered with rants). This Court took roughly two-and-a-half pages to dispose of Leeks' appeal, making it abundantly clear that Leeks' appeal did not require in-depth or detailed analysis. *See Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1423 (11th Cir. 1996) (granting affirming grant of prevailing Title VII defendant's fees where plaintiff's claims

were not "meritorious enough to receive careful attention and review"). He then failed to file a Reply Brief, despite being given an extension to do so, and then filed a patently deficient "Motion for Reconsideration," which he then failed to cure, despite   being given two opportunities to do so. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1360 (11th Cir. 2018) (combination of clearly frivolous arguments on appeal merited sanctions, and series of missed deadlines in combination with frivolous arguments were evidence that plaintiff-appellant had the subjective intent of delaying the proceedings).

The foregoing circumstances clearly demonstrate that Leeks' appeal was frivolous, unreasonable, or groundless within the meaning of *Christiansburg*. Accordingly, GeoPoint respectfully requests that this Court award GeoPoint its reasonable attorneys' fees incurred in the defense of Leeks' appeal.

### B. Additional Eleventh Circuit Rule 39-2 Requirements

Pursuant to 11th Circuit Rule, GeoPoint attaches the following to this Application and Incorporated Memorandum:

(a)    Summaries of work performed on the forms provided by the Clerk of this Court for each timekeeper who performed work on this appeal;

(b)    Contemporaneous time records supporting each summary and recording all work for which a fee is claimed; and

(c)    An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rates requested.

WHEREFORE, GeoPoint respectfully requests the entry of an Order finding that GeoPoint is entitled to recover from Leeks all of the reasonable attorneys' fees it incurred in defending this appeal; determining the amount of GeoPoint's fee award in accordance with the attached summaries of work performed, contemporaneous time records, and affidavits; and granting such other and further relief as this District Court deems proper.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the APPELLEE'S APPLICATION FOR ITS REASONABLE ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW complies with the font and word count requirements limit set forth in FRAP 27.  According to Microsoft Word, this document contains 5,156 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2021, I electronically filed the foregoing by using the Eleventh Circuit's CM/ECF system, which will serve

notice and a copy on all counsel of record.

/s/ Marie Tomassi
MARIE TOMASSI
Florida Bar No. 772062
mtomassi@trenam.com
slord@trenam.com
ALICIA H. KOEPKE, FBN 0026330
akoepke@trenam.com | ac@trenam.com
JACQUELINE M. PRATS, FBN 0118862
jprats@trenam.com
lvalente@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, Florida 33602
(813) 223-7474 / (813) 229-6553

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Marie Tomassi

Total compensation requested for this person: $12,768.50

Hourly rate of compensation requested for this person: $452.78

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | 0 |
| Obtaining and reviewing records | 2.2 |
| Legal research | 0 |
| Brief writing | 8.6 |
| Preparing for and attending oral argument | 0 |
| Other (specify on additional sheets if necessary): | Other (brief preparation)   5.8<br>Other (preparation for mediation)   5.1<br>Other   6.5 |
| Total hours claimed for this person | 28.2 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Alicia H. Koepke

Total compensation requested for this person: $14,812.00

Hourly rate of compensation requested for this person: $335.11

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 1 |
| Obtaining and reviewing records | 2.3 |
| Legal research | 0 |
| Brief writing | 6.1 |
| Preparing for and attending oral argument | 0 |
| Other (specify on additional sheets if necessary): | Other (brief preparation)   18.5 <br> Other (preparation for mediation)   9.8 <br> Other   6.5 |
| Total hours claimed for this person | 44.2 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Jacqueline M. Prats

Total compensation requested for this person: $30,890.13

Hourly rate of compensation requested for this person: $276.79

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | 0.7 |
| Obtaining and reviewing records | 11.9 |
| Legal research | 18.9 |
| Brief writing | 46.2 |
| Preparing for and attending oral argument | 0 |
| Other (specify on additional sheets if necessary): | Other (brief preparation)   11.7<br>Other (preparation for mediation)   8.8<br>Other   13.4 |
| Total hours claimed for this person | 111.6 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | TKPR Name | Amount | Hours | Narrative | Category |
|------|-----------|--------|-------|-----------|----------|
| 5/27/2020 | Prats, Jacqueline M. | $280.00 | 1 | Update research on finality for purposes of deadline for noticing appeal and Rule 60/relief from final judgment. | Legal Research |
| 5/27/2020 | Tomassi, Marie | $96.00 | 0.2 | Work with Alicia Koepke on strategy for fees and appeal. | Other |
| 6/2/2020 | Koepke, Alicia H. | $41.00 | 0.1 | Review plaintiff's notice of appeal. | Obtaining and reviewing records |
| 6/3/2020 | Tomassi, Marie | $48.00 | 0.1 | Review notice of appeal filed by plaintiff. | Obtaining and reviewing records |
| 6/3/2020 | Tomassi, Marie | $48.00 | 0.1 | Determine general process for appeal due dates. | Other |
| 6/5/2020 | Koepke, Alicia H. | $164.00 | 0.4 | Analyze plaintiff's notice of appeal; confer with Ms. Tomassi re: timing and strategy associated with same and pending motions before magistrate; email client re: same. | Other |
| 6/16/2020 | Tomassi, Marie | $192.00 | 0.4 | Review and sign appearance of counsel form and determine other documents required by appellate court. | Obtaining and reviewing records |
| 6/16/2020 | Tomassi, Marie | $144.00 | 0.3 | Read summary judgment order that is the subject of the recent appeal to consider scope of likely issues and responses. | Other |
| 6/17/2020 | Tomassi, Marie | $240.00 | 0.5 | Work with Alicia Koepke, Esq. on issues for appeal and the record from the trial court to consider appeal. | Other |
| 6/18/2020 | Tomassi, Marie | $144.00 | 0.3 | Read orders regarding the denial of plaintiff's motions for relief from sanctions order and his motion for sanctions against GeoPoint, and plaintiff's amended notice of appeal, to answer questions about plaintiff's effort to appeal. | Obtaining and reviewing records |
| 6/18/2020 | Tomassi, Marie | $144.00 | 0.3 | Work with Alicia H. Koepke, Esq. on strategy. | Other |
| 6/22/2020 | Tomassi, Marie | $96.00 | 0.2 | Review and edit certificate of interested parties and corporate disclosure statement. | Other |
| 6/23/2020 | Koepke, Alicia H. | $41.00 | 0.1 | Review amended notices of appeal by Leeks and court response re: same. | Obtaining and reviewing records |
| 6/24/2020 | Koepke, Alicia H. | $41.00 | 0.1 | Review additional filing re: Leeks' amended appeals. | Obtaining and reviewing records |
| 6/26/2020 | Tomassi, Marie | $144.00 | 0.3 | Review notice from 11th Circuit and advise on remedy for appellant. | Obtaining and reviewing records |
| 6/28/2020 | Koepke, Alicia H. | $41.00 | 0.1 | Review notice from court re: status of appeal given Leeks' nonpayment of filing charges; review email from Ms. Tomassi re: same. | Obtaining and reviewing records |

1 of 10

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Rate | Hours | Description | Category |
|---|---|---|---|---|---|
| 7/1/2020 | Koepke, Alicia H. | $127.50 | 0.3 | Analyze additional appeal filings. | Obtaining and reviewing records |
| 7/1/2020 | Tomassi, Marie | $200.00 | 0.4 | Review dismissal of first appeal and check timeliness of second appeal; summarize for the team. | Other |
| 7/2/2020 | Koepke, Alicia H. | $297.50 | 0.7 | Review numerous filings relating to original and amended appeal and emails with client re: discussing fee rights related to same. | Obtaining and reviewing records |
| 7/2/2020 | Tomassi, Marie | $100.00 | 0.2 | Edit certificate of interested persons. | Other |
| 7/6/2020 | Tomassi, Marie | $350.00 | 0.7 | Work on plans for settlement discussions, sanctions issues, and appeal. | Other |
| 7/8/2020 | Tomassi, Marie | $250.00 | 0.5 | Prepare Certificate of Interested Persons for filing. | Other |
| 7/9/2020 | Koepke, Alicia H. | $127.50 | 0.3 | Review and propose revisions to certification of interested persons for second appeal. | Other |
| 7/17/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Review emails re: posting of judgment. | Obtaining and reviewing records |
| 7/29/2020 | Koepke, Alicia H. | $85.00 | 0.2 | Emails with opposing counsel re: fee entitlement. | Interviews & conferences |
| 7/29/2020 | Koepke, Alicia H. | $127.50 | 0.3 | Review late filing by Leeks' attorney in appeal and his statement of case. | Obtaining and reviewing records |
| 7/29/2020 | Tomassi, Marie | $150.00 | 0.3 | Read motion for leave to file civil appeal statement out of time, and the statement itself, filed by appellant. | Obtaining and reviewing records |
| 7/30/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Emails with opposing counsel re: fee entitlement. | Interviews & conferences |
| 7/30/2020 | Tomassi, Marie | $300.00 | 0.6 | Determine time deadline for appellant's initial brief. | Other |
| 8/5/2020 | Koepke, Alicia H. | $382.50 | 0.9 | Analyze court order requiring mediation and mediation statement; analyze whether to assert inability to make a substantive settlement offer to plaintiff/appellant in same; email client re: above. | Other (prepare for mediation) |
| 8/5/2020 | Prats, Jacqueline M. | $97.50 | 0.3 | Conference call to discuss GeoPoint mediation. | Interviews & conferences |
| 8/5/2020 | Tomassi, Marie | $300.00 | 0.6 | Review Notice of Mediation and start arrangements for complying with same. | Other (prepare for mediation) |
| 8/6/2020 | Koepke, Alicia H. | $212.50 | 0.5 | Call and emails with client re: 11th Cir. Court's requirement that the parties mediate and case law relating thereto; follow up with Ms. Prats to ensure the mediation statement provides GeoPoint's position with respect to same. | Other (prepare for mediation) |
| 8/11/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Review Leeks' appeal statement and order re: same. | Obtaining and reviewing records |
| 8/24/2020 | Prats, Jacqueline M. | $780.00 | 2.4 | Begin outlining and drafting mediation statement. | Other (prepare for mediation) |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | | Hours | Description | Category |
|---|---|---|---|---|---|
| 8/30/2020 | Prats, Jacqueline M. | $325.00 | 1 | Review relevant pleadings and court orders. | Obtaining and reviewing records |
| 8/30/2020 | Prats, Jacqueline M. | $325.00 | 1 | Draft position analysis section of first draft of mediation statement. | Other (prepare for mediation) |
| 8/31/2020 | Koepke, Alicia H. | $595.00 | 1.4 | Review and revise draft mediation statement; review court order requiring mediation statement for same; strategize re: preparation for mediation. | Other (prepare for mediation) |
| 8/31/2020 | Prats, Jacqueline M. | $1,007.50 | 3.1 | Complete first draft of mediation statement. Revise and edit same. | Other (prepare for mediation) |
| 8/31/2020 | Tomassi, Marie | $200.00 | 0.4 | Work on strategy for mediation with Alicia Koepke. | Other (prepare for mediation) |
| 9/1/2020 | Koepke, Alicia H. | $170.00 | 0.4 | Review proposed revisions to mediation statement and confer with Ms. Prats re: client's wishes re: same. | Other (prepare for mediation) |
| 9/1/2020 | Prats, Jacqueline M. | $390.00 | 1.2 | Revise & edit mediation statement. Finalize same for submission. | Other (prepare for mediation) |
| 9/1/2020 | Prats, Jacqueline M. | $357.50 | 1.1 | Strategize regarding mediation statement and client's position re: making offers and/or negotiation in mediation in light of factors considered in awarding defendant's Title VII fees. | Other (prepare for mediation) |
| 9/1/2020 | Tomassi, Marie | $400.00 | 0.8 | Edit mediation statement. | Other (prepare for mediation) |
| 9/2/2020 | Koepke, Alicia H. | $85.00 | 0.2 | Review Leeks' motion to continue mediation and confer with team re: same and his Certificate of Service claiming that he filed his initial brief. | Other |
| 9/2/2020 | Prats, Jacqueline M. | $65.00 | 0.2 | Review correspondence with opposing counsel. | Interviews & conferences |
| 9/2/2020 | Tomassi, Marie | $150.00 | 0.3 | Emails regarding resetting mediation and strategy connected to same. | Other (prepare for mediation) |
| 9/3/2020 | Koepke, Alicia H. | $212.50 | 0.5 | Emails with mediator, opposing counsel and client re: Leeks' request to postpone mediation. | Other (prepare for mediation) |
| 9/3/2020 | Tomassi, Marie | $100.00 | 0.2 | Follow up on moving mediation inquiry. | Other (prepare for mediation) |
| 9/21/2020 | Prats, Jacqueline M. | $617.50 | 1.9 | Review and analyze Leeks' appellate brief. Begin analysis of arguments/counter-arguments. | Other (brief preparation) |
| 9/22/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Review Leeks' motion to amend brief and order granting same. | Obtaining and reviewing records |
| 9/22/2020 | Tomassi, Marie | $700.00 | 1.4 | Read appellant's initial brief and summarize two issues and due date for our answer brief. | Other (brief preparation) |
| 9/24/2020 | Tomassi, Marie | $100.00 | 0.2 | Review notice of extension given to Appellant for filing his appendix and comment on same. | Other |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Amount | Task | Category |
|---|---|---|---|---|
| 9/30/2020 | Koepke, Alicia H. | $1,105.00 | 2.6 Analyze Leek's appellate brief and authorities cited in same; analyze arguments to assert in response to same. | Other (brief preparation) |
| 9/30/2020 | Koepke, Alicia H. | ($1,143.25) | | |
| 9/30/2020 | Prats, Jacqueline M. | ($698.75) | | |
| 9/30/2020 | Tomassi, Marie | ($145.00) | | |
| 10/6/2020 | Koepke, Alicia H. | $42.50 | 0.1 Continued analysis of brief. | Other (brief preparation) |
| 10/8/2020 | Prats, Jacqueline M. | $877.50 | 2.7 Analysis of Appellant's brief. Begin analysis of authority cited in brief. | Other (brief preparation) |
| 10/9/2020 | Tomassi, Marie | $100.00 | 0.2 Review filing by appellant regarding delay in delivering printed appendices and briefs and consider whether this impacts due date for answer brief. | Obtaining and reviewing records |
| 10/12/2020 | Prats, Jacqueline M. | $910.00 | 2.8 Continue analysis of Appellant's brief and authority | Other (brief preparation) |
| 10/13/2020 | Koepke, Alicia H. | $1,062.50 | 2.5 Analyze arguments to assert in response to Leeks' appellate brief; review brief for same. | Other (brief preparation) |
| 10/13/2020 | Prats, Jacqueline M. | $2,535.00 | 7.8 Outline arguments in appellee's answer brief. Strategize re: analysis of appellant's brief and framing/organization of response. Review client file, court orders at Dkt. 44, 68, 74, and 75; Leeks' response to GeoPoint's MSJ, Motion to Compel; Leeks' Motion for Sanctions & Motion for Reconsideration and GeoPoint's responses to same. Begin drafting history of proceedings and statement of facts. | Brief writing |
| 10/13/2020 | Tomassi, Marie | $1,150.00 | 2.3 Work with Alicia Koepke and Jackie Prats regarding structure of arguments in initial brief and for responding. | Other (brief preparation) |
| 10/14/2020 | Prats, Jacqueline M. | $2,632.50 | 8.1 Continue drafting course of proceedings and statement of facts. Revise and edit same. Revise outline of arguments. Draft standard of review. Draft first pass at summary of the argument. Draft Section I of argument section (sections discussing relevants standards under Title VII and Section 7; Leeks' primary arguments re: extension of Title VII and/or Section 7 (incl. section re: adverse action/materiality, protected activity, and statutory interpretation)). Conduct research in federal and admincase law re: adverse action, range of protected activity, Section 7 decisions re: retaliation and audio recording, Title VII cases involving audio recording, etc. Revise and edit Section I. | Brief writing |
| 10/15/2020 | Koepke, Alicia H. | $1,912.50 | 4.5 Analyze and propose revisions to answer brief. | Brief writing |
| 10/15/2020 | Prats, Jacqueline M. | $1,300.00 | 4 Conduct research re: denials of motions to amend in Title VII or discrimination cases involving missed deadlines, denials of R11 motions for failure to comply with safe harbor provision, district court's authority to manage docket, etc. | Brief writing |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Amount | Hours | Description | Category |
|---|---|---|---|---|---|
| 10/15/2020 | Prats, Jacqueline M. | $1,267.50 | 3.9 | Continue drafting argument section of brief – Sections II and III addressing district court's authority to manage its own docket and discretion to grant motions for leave to amend and for sanctions. Draft sections addressing court's orders at Dkt. 68, 75, 44. Revise & edit Sections II, III, and Summary of Argument. | Legal Research |
| 10/16/2020 | Prats, Jacqueline M. | $2,242.50 | 6.9 | Complete first draft of all sections of Answer Brief. Revise and edit full brief. Reorganize as necessary to maintain continuity. Revise summary of argument. | Brief writing |
| 10/17/2020 | Tomassi, Marie | $1,500.00 | 3 | Read and edit draft answer brief and work on strategy for same. | Brief writing |
| 10/18/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Review Ms. Tomassi's email re: brief. | Other (brief preparation) |
| 10/18/2020 | Prats, Jacqueline M. | $1,592.50 | 4.9 | Begin process of keyciting authority in answer brief and adding record cites. | Brief writing |
| 10/19/2020 | Koepke, Alicia H. | $3,612.50 | 8.5 | Continued analysis of Leeks' arguments re: NLRA and proposal to extend Title VII claim; analyze NLRB cases cited by Leeks in his brief and prepare reasons court should not provide the relief requested by Leeks and should not rely on the authority he cited; review updated NLRA cases to cite in our response brief; review Ms. Tomassi's proposed changes and comments on draft brief; continued revisions to answer brief and strategy preparation for same. | Other (brief preparation) |
| 10/19/2020 | Prats, Jacqueline M. | $1,950.00 | 6 | Strategize re: organization & framing/presentation of arguments. Analyze Initial Brief alongside Answer Brief. | Brief writing |
| 10/19/2020 | Prats, Jacqueline M. | $747.50 | 2.3 | Re-write Section I(C) of brief (addressing statutory interpretation of Title VII and Section 7) for length and to refocus. Re-organize, revise and edit Section I. Revise and edit full second draft of brief. | Other (brief preparation) |
| 10/19/2020 | Tomassi, Marie | $200.00 | 0.4 | Work with Alicia Koepke on edits to argument regarding recording and arrangements for brief preparation. | Other (brief preparation) |

5 of 10

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Amount | Hours | Description | Category |
|---|---|---|---|---|---|
| 10/20/2020 | Koepke, Alicia H. | $1,997.50 | 4.7 | Continued analysis of Leek's brief and our draft answer brief; continue revising our draft answer brief; strategy discussion with Ms. Tomassi and Ms. Prats re: same; analyze whether to discuss after acquired evidence in brief; email client re: brief. | Other (brief preparation) |
| 10/20/2020 | Prats, Jacqueline M. | $845.00 | 2.6 | Complete keyciting of brief and addition and conversion of record cites. Research as necessary to replace sub-optimal citations to authority and/or add authority as necessary. | Brief writing |
| 10/20/2020 | Prats, Jacqueline M. | $650.00 | 2 | Revise and edit third draft of brief. | Other (brief preparation) |
| 10/20/2020 | Tomassi, Marie | $900.00 | 1.8 | Work on plans for answer brief; work with Alicia Koepke and Jacqueline Prats on a few strategic additions and revisions. | Brief writing |
| 10/20/2020 | Tomassi, Marie | $850.00 | 1.7 | Review, revise and edit draft answer brief. | Other (brief preparation) |
| 10/21/2020 | Koepke, Alicia H. | $680.00 | 1.6 | Continued review and revisions to answer brief. | Brief writing |
| 10/21/2020 | Koepke, Alicia H. | $850.00 | 2 | Prepare for mediation; emails with opposing counsel, mediator and client re: same. | Other (prepare for mediation) |
| 10/21/2020 | Prats, Jacqueline M. | $1,917.50 | 5.9 | Final revisions and edit of brief, including proofreading of entire brief, plus table of contents, table of authority, and remaining technical sections. | Brief writing |
| 10/21/2020 | Tomassi, Marie | $1,900.00 | 3.8 | Finalize Court required formatting and read through brief one more time for consistency; editing tables and content. | Brief writing |
| 10/22/2020 | Koepke, Alicia H. | $765.00 | 1.8 | Prepare for mediation by reviewing mediation statement; attend mediation; follow up emails re: scheduling second conference. | Other (prepare for mediation) |
| 10/22/2020 | Prats, Jacqueline M. | $195.00 | 0.6 | Review client file re: attorneys' fee demand per Dkt. 44 order. Call with AHK re: results of mediation. | Other |
| 10/22/2020 | Tomassi, Marie | $800.00 | 1.6 | Brief review of our mediation statement in preparation for mediation; attend mediation. | Other (prepare for mediation) |
| 10/23/2020 | Koepke, Alicia H. | $85.00 | 0.2 | Emails with mediator's office and client re: reconvening mediation. | Interviews & conferences |
| 10/26/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Confer with Ms. Prats re: appendix for appeal. | Other |
| 10/27/2020 | Koepke, Alicia H. | $170.00 | 0.4 | Call client re: mediation recommencement; emails with client and mediator re: same; review emails re: appeal appendix and analyze whether we need to supplement same. | Interviews & conferences |
| 10/27/2020 | Prats, Jacqueline M. | $195.00 | 0.6 | Review Appellant's Appendix. | Legal Research |
| 10/27/2020 | Prats, Jacqueline M. | $650.00 | 2 | Update research on FRAP filing requirements and deadlines for appellee's supplemental appendix. | Obtaining and reviewing records |
| 10/27/2020 | Tomassi, Marie | $100.00 | 0.2 | Work with Jackie Prats on whether we need to file a supplemental appendix. | Other |
| 10/29/2020 | Koepke, Alicia H. | $42.50 | 0.1 | Emails with mediator, opposing counsel and client re: recommencement of mediation. | Interviews & conferences |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Hours | Amount | Description | Category |
|---|---|---|---|---|---|
| 10/29/2020 | Koepke, Alicia H. | | ($2,014.50) | | |
| 10/29/2020 | Prats, Jacqueline M. | 0 | ($3,758.62) | | |
| 10/29/2020 | Tomassi, Marie | | ($1,132.50) | | |
| 11/4/2020 | Koepke, Alicia H. | 1.1 | $467.50 | Analyze and review settlement offer from Leeks; review mediation | Other (prepare for mediation) |
| 11/5/2020 | Koepke, Alicia H. | 1.2 | $510.00 | Emails with opposing counsel re: recommencement of mediation; attend mediation and confer with client at same. | Other (prepare for mediation) |
| 11/5/2020 | Tomassi, Marie | 1.2 | $600.00 | Attend reconvened mediation. | Other (prepare for mediation) |
| 11/17/2020 | Tomassi, Marie | 0.2 | $100.00 | Review motion for extension of time. | Obtaining and reviewing records |
| 12/2/2020 | Koepke, Alicia H. | 0.3 | $127.50 | Review Leeks motion requesting additional time to file reply brief and 11th Circuit order granting same; follow up to determine if Leeks filed a reply brief by his extended deadline. | Obtaining and reviewing records |
| 12/17/2020 | Koepke, Alicia H. | 0.3 | $127.50 | Analyze status of appeal and review docket to determine if Leeks filed reply brief; analyze next steps in light of his failure to do so. | Other |
| 2/26/2020 | Koepke, Alicia H. | | ($803.25) | | |
| 2/26/2021 | Prats, Jacqueline M. | 0 | ($877.50) | | |
| 3/2/2020 | Koepke, Alicia H. | 2.8 | $1,190.00 | Analyze appellate court ruling in our favor; emails with client re: same; review appellate rules to determine deadlines associated with same and seeking fees; email client re: whether to seek fees; review response from client; analyze Leeks' motion for reconsideration of ruling. | Other |
| 3/2/2021 | Prats, Jacqueline M. | 0.6 | $195.00 | Review 11th Cir. opinion affirming summary judgment decision. | Obtaining and reviewing records |
| 3/2/2021 | Prats, Jacqueline M. | 0.2 | $65.00 | Review OC's Motion for Reconsideration. | Obtaining and reviewing records |
| 3/2/2021 | Prats, Jacqueline M. | 1 | $325.00 | Analyze rules cited in same; analyze type of motion and possible deadlines/timelines for response. | Other |
| 3/2/2021 | Tomassi, Marie | 0.4 | $200.00 | Read 11th Circuit opinion affirming summary judgment and memo regarding post-opinion appellate procedures. | Obtaining and reviewing records |
| 3/2/2021 | Tomassi, Marie | 0.4 | $200.00 | Consider whether Rule 8 was properly invoked, requiring a response, or it this is a Rule 40 motion. | Other |
| 3/3/2021 | Prats, Jacqueline M. | 2.1 | $682.50 | Research in federal case law re: standards for Title VII defendants seeking appellate fees. | Legal Research |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Description | Time | Amount | Category |
|---|---|---|---|---|---|
| 3/3/2021 | Prats, Jacqueline M. | Analyze record to date and procedural posture of pending attorneys' fees motions. Begin preparing summary of same. Analyze GeoPoint's position re: recovery of prevailing-defendant Title VII fees. | 1.9 | $617.50 | Other |
| 3/3/2021 | Tomassi, Marie | Review appellate rules again regarding Mr. Leeks' latest motion and whether we can or should respond. | 0.3 | $150.00 | Other |
| 3/4/2021 | Koepke, Alicia H. | Analyze appellate court's response to Leeks' motion for reconsideration. | 0.2 | $85.00 | Other |
| 3/4/2021 | Prats, Jacqueline M. | Analyze rules governing deadlines for seeking attorneys' fees and opposing counsel's ("OC") Motion; analyze whether filing affects GeoPoint's deadlines. | 0.7 | $227.50 | Legal Research |
| 3/4/2021 | Prats, Jacqueline M. | Review 11th Cir notice giving OC 3 days to cure Motion for Reconsideration. | 0.1 | $32.50 | Obtaining and reviewing records |
| 3/5/2021 | Prats, Jacqueline M. | Research on procedures and requirements for seeking appellate fees in 11th Cir. in general, incl. requirements for evidentiary support and/or necessity of expert affidavit. | 0.8 | $260.00 | Legal Research |
| 3/7/2021 | Prats, Jacqueline M. | Draft analysis of strength of GeoPoint's current position re: recovery of attorneys' fees at trial and appellate levels. Revise & edit same. | 3 | $975.00 | Other |
| 3/9/2021 | Koepke, Alicia H. | Emails with Ms. Prats re: fee request background. | 0.1 | $42.50 | Other |
| 3/9/2021 | Prats, Jacqueline M. | Confer with AHK regarding and analyze GeoPoint's posture re: fees at district court level. | 0.6 | $195.00 | Other |
| 3/10/2021 | Koepke, Alicia H. | Continued analysis of steps required to pursue fees, as requested by client. | 0.4 | $170.00 | Other |
| 3/10/2021 | Prats, Jacqueline M. | Edit and finalize research summary re: fees. | 0.6 | $195.00 | Other |
| 3/10/2021 | Tomassi, Marie | Read summary of facts and law on fee claims. | 0.4 | $200.00 | Other |
| 3/11/2021 | Koepke, Alicia H. | Continued analysis of strategy and requirements for seeking fees from trial court and appellate court for discovery violations and case overall and confer with Ms. Tomassi and Ms. Prats re: same. | 1.5 | $637.50 | Other |
| 3/11/2021 | Prats, Jacqueline M. | Prepare for strategy call re: possibility and costs/benefits of seeking fees at appellate and trial levels (analyze success/failure of similar applications, update research on standards & procedure); attend call. | 1.7 | $552.50 | Other |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| Date | Name | Amount | Hours | Description | Category |
|---|---|---|---|---|---|
| 3/11/2021 | Tomassi, Marie | $500.00 | 1 | Work with Alicia Koepke and Jackie Prats on analysis and timing of fee motions in trial and appellate courts and strategy regarding same. | Other |
| 3/12/2021 | Prats, Jacqueline M. | $227.50 | 0.7 | Draft email to client re: costs/benefits of seeking fees, incorporating research summary prepared on same. | Other |
| 3/18/2021 | Koepke, Alicia H. | $85.00 | 0.2 | Analyze additional notice from court re: Leeks failure to properly move for rehearing of appellate court ruling; review email to client re: fee requests. | Other |
| 3/19/2021 | Prats, Jacqueline M. | $65.00 | 0.2 | Phone call with client re: seeking fees. | Interviews & conferences |
| 3/19/2021 | Prats, Jacqueline M. | $325.00 | 1 | Research in 11th Cir. case law re: standards for frivolousness. | Legal Research |
| 3/19/2021 | Prats, Jacqueline M. | $1,007.50 | 3.1 | Begin review and compilation of time records in preparation for preparing application for appellate fees. Review prior filings re: attorneys fees. | Obtaining and reviewing records |
| 3/20/2021 | Prats, Jacqueline M. | $682.50 | 2.1 | Research in federal case law and secondary sources re: differences in procedure between FRAP 38 motions for fees as sanction and other fee-seeking motions with similar frivolousness standards based on prevailing party status. | Legal Research |
| 3/21/2021 | Prats, Jacqueline M. | $1,170.00 | 3.6 | Continue research on differences between frivolousness standards. | Legal Research |
| 3/21/2021 | Prats, Jacqueline M. | $292.50 | 0.9 | Continue review of contemporaneous time records for all timekeepers in preparation for preparing fee application. | Obtaining and reviewing records |
| 3/22/2021 | Prats, Jacqueline M. | $390.00 | 1.2 | Update research on requirements for fee application package and necessary contents of affidavits for same. | Legal Research |
| 3/22/2021 | Prats, Jacqueline M. | $617.50 | 1.9 | Complete research as necessary on frivolous/unreasonable/groundless standards in varying contexts in preparation for preparing fee application. | Legal Research |
| 3/22/2021 | Prats, Jacqueline M. | $1,040.00 | 3.2 | Review Leeks' brief, history of extensions and missed deadlines in 11th Cir, Motion for Reconsideration, and GeoPoint's responses to same. | Obtaining and reviewing records |
| 3/22/2021 | Prats, Jacqueline M. | $260.00 | 0.8 | Continue review of time records. | Obtaining and reviewing records |

Leeks v. GeoPoint
Case No. 20-12321
Detailed Timekeeping Records

| | | Other |
|---|---|---|
| 3/22/2021 | Prats, Jacqueline M. | 3.3 | Draft Application for Appellate Fees. Revise and edit same. |
| | $1,072.50 | 184 |
| **TOTALS** | **$58,470.63** | |

No. 20-12321

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CRAIG LEEKS,

Appellant,

v.

GEOPOINT SURVEYING, INC.,

Appellee

On Appeal from the United States District Court for the
Middle District of Florida, Tampa Division

## AFFIDAVIT OF APPELLATE ATTORNEYS' FEES

STATE OF FLORIDA

HILLSBOROUGH COUNTY

BEFORE ME, the undersigned authority duly authorized to administer oaths

and take acknowledgements, personally appeared Alicia H. Koepke, who, being duly

sworn, says:

1.    I am a shareholder with the law firm of Trenam, Kemker, Scharf,

Barkin, O'Neill & Mullis, P.A. ("Trenam Law") in Tampa, Florida. I was one of the

attorneys responsible for working on this appeal on behalf of Appellee, GeoPoint

Surveying, Inc. ("GeoPoint"), and I served as lead counsel for GeoPoint in the trial-court level proceedings in this matter.

2.      I have been admitted to the Florida Bar for approximately 14.5 years and have been actively practicing law in the state of Florida since my admission. My practice is focused on employment law and I lead the firm's Litigation and Dispute Resolution Practice Group. I am a practicing attorney, in good standing, in the United States Court of Appeals for the Eleventh Circuit, and the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida.

3.      Marie Tomassi is the managing shareholder of Trenam Law in Tampa, Florida, and was also responsible for working on this appeal on behalf of GeoPoint. She has been admitted to the Florida Bar for more than 32 years and has been actively practicing law in the state of Florida since her admission. She is Florida Bar Board Certified in Appellate Practice and leads Trenam Law's Appellate Practice Group. She is a practicing attorney, in good standing, in the United States Supreme Court, the U.S. Courts of Appeals for the Second, Eleventh, District of Columbia and Federal Circuits, and the U.S. District Courts for the Southern and Middle Districts of Florida.

4.      Jacqueline M. Prats is an associate with Trenam Law in Tampa, Florida, and was also responsible for working on this appeal on behalf of GeoPoint. Ms. Prats has been admitted to the Florida Bar for approximately six years and has been

actively practicing law in the state of Florida since her admission. She is a practicing attorney, in good standing, in Florida, in the United States Court of Appeals for the Eleventh Circuit and the U.S. District Courts for the Southern and Middle Districts of Florida.

5.    I am familiar with the amount customarily charged by attorneys and allowed by the Court for attorneys' fees in actions of this nature, and attest that my law firm's agreement with GeoPoint regarding fees for the firm's legal services is based upon a reasonable fee for hours spent on this matter and that the time expended at a blended rate of $317.78 per hour is reasonable for the services rendered on behalf of GeoPoint for the foregoing attorneys.

6.    Specifically, the following information is submitted:

a.    Marie Tomassi expended 28.2 hours on this matter. The hours expended by Ms. Tomassi on this matter are reasonable. These hours multiplied by her averaged hourly rate of $452.78 (after courtesy discounts) equals a total lodestar amount of $12,768.50.

b.    I, Alicia H. Koepke, expended 44.2 hours on this matter. The hours expended by me on this matter are reasonable. These hours multiplied by my averaged hourly rate of $335.11 (after courtesy discounts) equals a total lodestar amount of $14,812.00.

    c.     Jacqueline M. Prats expended 111.6 hours on this matter. The hours expended by Ms. Prats on this matter are reasonable. These hours multiplied by her averaged hourly rate of $276.79 (after courtesy discounts) equals a total lodestar amount of $30,890.13.

    7.     I estimate that Trenam Law will expend $2,500.00 in additional attorneys' fees reasonably necessary to represent GeoPoint's interests through obtaining a ruling on its Appellant's Application for its Reasonable Attorneys' Fees and Costs and Incorporated Memorandum of Law.

    8.     Thus, GeoPoint seeks a total appellate fee award of services rendered by Trenam Law of $60,970.63.

    9.     To the best of my knowledge and belief, the facts set forth in this affidavit are true and correct.

    10.    Pursuant to 11th Cir. R. 39-2, attached hereto as Composite Exhibit "A" are three Forms to Accompany Application for Attorney's Fees, which have been completed for each timekeeper for whom GeoPoint seeks an award of appellate fees.

    11.    Attached hereto as Composite Exhibit "B" are Trenam Law's contemporaneous time records in support of each timekeeper's Form to Accompany Application for Attorney's Fees.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated this 23rd day of March, 2021.

_____

ALICIA H. KOEPKE

STATE OF FLORIDA

COUNTY OF Hillsborough

    The foregoing Affidavit was sworn to and subscribed before me this 23rd day

of _March_____, 2021, by _Alicia Koepke_ who is ( ✓ ) personally

known to me or ( ) who has produced _____ as

identification, in person.

My Commission Expires:

JENNIFER A. YARNALL
Commission # GG 969777
Expires April 24, 2024
Bonded Thru Budget Notary Services

NOTARY PUBLIC

_____

(Printed Name)

5