UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG LEEKS,

    Plaintiff,

v.                                                Case No: 8:19-cv-562-T-30AAS

GEOPOINT SURVEYING, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Attorney's Fees (Dkt. 88), which the Eleventh Circuit Court of Appeals transferred to this Court. *See* Dkt. 87 (citing 11th Cir. R. 39-2(d)). The Court also reviewed Plaintiff's Response in Opposition (Dkt. 90) and the entire record. The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendant's motion should be denied. Specifically, while Plaintiff did not prevail in this case—on summary judgment or on his appeal—the Court concludes that the extraordinary relief of granting Defendant its attorney's fees is not warranted. The Court briefly discusses the relevant procedural facts and then turns to the relevant law.

## DISCUSSION

On May 26, 2020, the Court granted Defendant's motion for summary judgment and final judgment was entered in Defendant's favor (Dkts. 68, 69). The Court's order

granting Defendant judgment was fourteen pages in length and explained why Plaintiff's Title VII claims failed as a matter of law. Notably, Plaintiff had responded to Defendant's motion for summary judgment and Plaintiff had submitted some evidence in his opposition.

On June 2, 2020, Plaintiff filed a timely Notice of Appeal (Dkt. 71). Subsequently, Defendant filed its first motion for attorney's fees. Although fees are not typically granted in Title VII cases, Defendant's motion argued that Plaintiff's claims were frivolous and therefore fees were appropriate pursuant to *Christiansburg Garment Company v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978). In light of Plaintiff's appeal, the Court deferred ruling on Defendant's motion.

On March 3, 2021, the Eleventh Circuit Court of Appeals affirmed this Court (Dkt. 85). In a brief opinion, the Eleventh Circuit concluded that it did not have jurisdiction over Plaintiff's appeal to the extent Plaintiff argued about certain rulings from the Magistrate Judge. With respect to the Court's order granting summary judgment to Defendant, the Eleventh Circuit noted that Plaintiff's only argument on appeal was that the Court should have permitted him to amend his complaint. The Eleventh Circuit held that this argument failed because Plaintiff never requested the Court to amend his complaint. Plaintiff did not otherwise challenge the Court's summary judgment order. So Plaintiff did not prevail on his appeal.

Subsequently, Defendant moved for its attorney's fees associated with the litigation of the appeal and that matter was transferred to this Court. Therefore, the Court must

determine whether Defendant may recover its fees as the prevailing party. The parties agree, and the law is clear, that a prevailing defendant may not recover its attorney's fees under Title VII. Thus, Defendant may recover its fees only if it can establish that Plaintiff's claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg,* 434 U.S. at 421; *see also Hughes v. Rowe,* 449 U.S. 5 (1980).

With respect to this standard, the Supreme Court in *Christianburg* cautioned as follows:

> [i]n applying these criteria, it is important to resist the understandable temptation to engage in *ad hoc* reasoning by concluding that, because a plaintiff did not prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421–22; *see also Walker v. Nationsbank of Fla. N.A.,* 53 F.3d 1548, 1559 (11th Cir. 1995) ("[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review").

The Supreme Court in *Christianburg* underscored that:

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be

3

> assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

434 U.S. at 422.

In *Hughes*, the Supreme Court noted: "Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals ... Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christianburg*." 449 U.S. at 15–16.

This legal precedent makes clear that awarding fees to a prevailing defendant under *Christianburg* is an extraordinary relief, one that is not appropriate here. While true that Plaintiff did not prevail, on summary judgment or on his appeal, the record reflects that Plaintiff's claims were not entirely without foundation. Plaintiff, a black male, presented evidence of inappropriate racial comments in the workplace. The "n" word was used several times and Plaintiff believed he was working in a hostile work environment. Plaintiff also presented evidence that he complained to Defendant about the racial comments and, soon thereafter, he believed Defendant retaliated against him.

Defendant did not move to dismiss Plaintiff's complaint and the parties conducted discovery. In granting summary judgment, the Court carefully reviewed the parties' arguments, relevant law, and the record evidence. The Court explained in a fourteen-page

order why Defendant was entitled to judgment as a matter of law. Even if the Court were to conclude that Defendant prevailing was not a "close call," meaning the evidence was overwhelmingly in Defendant's favor, the Court would merely be commenting on who had the stronger case, which is not the relevant inquiry and which teeters on ad hoc reasoning, the type of analysis that the Supreme Court admonished in *Christianburg*.

The same proves true on appeal. Plaintiff filed an appeal and ultimately lost. The Eleventh Circuit rendered an opinion, while brief, and made no commentary about Plaintiff's appeal being frivolous, unreasonable, or groundless. Again, while Plaintiff's arguments on appeal may be fairly characterized as weak, this Court on its own review sees no basis to grant Defendant its fees in light of the incredibly high *Christianburg* standard.

In sum, it is without doubt that Defendant prevailed in this case. Defendant won on summary judgment after the parties participated in discovery and Defendant successfully defended Plaintiff's appeal of the final judgment. Nonetheless, Congress decided to award attorney's fees to only a prevailing plaintiff under Title VII. And, as the United States Supreme Court emphasized in *Christianburg*, the purpose behind Title VII's one-way granting of fees to a prevailing plaintiff was to promote "vigorous enforcement" of the provisions of Title VII. An award of attorney's fees in Defendant's favor and against Plaintiff Craig Leeks is not warranted here and would possibly stifle similar plaintiffs from pursuing Title VII claims when they believe that unlawful discrimination has occurred in the workplace.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Attorney's Fees (Dkt. 88) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this May 19, 2021.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record